IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:17-MJ-562 |
| v. | ) | |
| | ) | |
| ERIC BRIAN BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO
EMERGENCY MOTION TO ENJOIN FORCIBLE MEDICATION

The United States now responds in opposition to the defendant's Emergency Motion To Enjoin Forcible Medication, ECF No. 26. The defendant's motion fails because it is unripe: FMC Butner has not decided whether to forcibly medicate him. That is why medical personnel are holding the hearing in the first place. Just like a defendant cannot appeal a guilty verdict before the trial begins, the defendant here cannot appeal a decision to forcibly medicate him before medical personnel conclude that forcibly medicating him is the correct course of action. The defendant concedes as much by labeling his motion an "Emergency Motion To Enjoin *Forcible Medication*."

Drawn from both Article III limitations and prudential considerations, ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). "To determine whether the case is ripe, we balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (internal quotation marks omitted).

The U.S. Court of Appeals for the Fourth Circuit has explained that a case "is fit for judicial

decision where the issues to be considered are purely legal ones and where the agency rule or action giving rise to the controversy is final and not dependent upon future uncertainties or intervening agency rulings." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).

That is not the situation here. FMC Butner's medical personnel have not even begun the process of determining whether defendant requires forcible medication, much less rendered an adverse decision that "is final and not dependent upon future uncertainties or intervening agency rulings." *Id.* For all we know, they conclude that the defendant does not need to be forcibly medicated. But even if medical personnel decide to do so, federal regulations provide the defendant an opportunity to appeal that decision, and the appeal automatically stays the medication procedure. 28 C.F.R. § 549.46. The defendant could prevail on appeal, which is another "future uncertaint[y] or intervening agency ruling[]." *Charter Fed. Sav. Bank*, 976 F.2d at 208.

The defendant's cited decisions support that conclusion because they all dealt with appeals made after medical personnel decided to forcibly medicate the defendant and after the defendant exhausted opportunities for administrative appeal. *See, e.g.*, *Sell v. United States*, 539 U.S. 166, 171 (2003) (reviewing "the last of five hierarchically ordered lower court and Medical Center determinations" beginning with several administrative hearings and administrative appeals before reaching federal court); *United States v. Loughner*, No. 11-10339, 2011 WL 2694294, at *1 (9th Cir. July 12, 2011) ("The only question before us is whether the district court abused its discretion by denying Loughner's emergency motion for a preliminary injunction enjoining the Federal Medical Center in Springfield, Missouri, from involuntarily medicating him after conducting a

*Harper* administrative hearing and determining that he represents a danger to others.”).

To the extent that the defendant argues that the Court, and not medical personnel, should handle the initial hearing to determine whether he should be forcibly medicated, he is wrong. Roughly twenty years ago, the Fourth Circuit decided the issue against him. *United States v. Morgan*, 193 F.3d 252, 263 (4th Cir. 1999). Like here, the defendant in *Morgan* argued that he was entitled to a judicial, not an administrative, determination on forcible medication. *Id.* The panel disagreed, concluding that “it is clear that application of” the U.S. Supreme Court’s decision in *Washington v. Harper*, cited by the defendant, “would foreclose [the defendant’s] effort to establish entitlement under the Due Process Clause to the type of judicial determination” that he asks for. *Id.* at 262. Like here, *Morgan* dealt with a defendant who was detained pretrial at a federal medical center to be rehabilitated and rendered competent to stand trial. Medical personnel concluded that he needed to be forcibly medicated not only to be rehabilitated, but because he was a danger to himself or others. *Morgan* controls here.

**CONCLUSION**

For all these reasons, the Court should deny the defendant’s Emergency Motion to Enjoin Forcible Medication.

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: /s/

William B. Jackson
Randy Stoker
Kevin Comstock
Assistant United States Attorneys
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Tel. - 757-441-6331
Fax - 757-441-6689
Email – william.jackson3@usdoj.gov
randy.stoker@usdoj.gov
kevin.comstock@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on the 1st day of June, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                              /s/
                        William B. Jackson
                        Assistant United States Attorney
                        Attorney for the United States
                        United States Attorney's Office
                        101 West Main Street, Suite 8000
                        Norfolk, Virginia 23510
                        Telephone Number - 757-441-6331
                        Facsimile Number - 757-441-6689
                        E-mail Address – william.jackson3@usdoj.gov