IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  2:17mj562 |
| | ) | |
| ERIC BRIAN BROWN | ) | |

**DEFENDANT'S MOTION FOR JUDICIAL REVIEW OF ADMINISTRATIVE
DECISION RESPECTING FORCIBLE MEDICATION**

The defendant, Eric Brian Brown, through counsel, hereby seeks judicial review of the decision of the Attorney General, acting through the Bureau of Prisons (BOP) and pursuant to 28 C.F.R. § 549.46, to involuntarily administer psychiatric medications to Mr. Brown.  In accordance with this Court's prior rulings, the defense respectfully requests that evidence on this motion, including the testimony of Dr. Graddy, be heard at the hearing scheduled for June 21, 2018.

**I.      Factual Background**

On November 7, 2017, Eric Brian Brown was charged by criminal information with kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2).  ECF No. 3.  Mr. Brown was ordered detained pending trial.  About a month after Mr. Brown's arrest, the government moved for a competency evaluation.  ECF No. 15.  The Court ordered a competency evaluation on December 15, 2017.  ECF No. 17.

On January 19, 2018, a sealed report was filed with the Court by the BOP's evaluating clinician, forensic psychologist Judith (Betsy) Campbell, Ph.D.  At the direction of the Court, the parties filed responses to the report.  Upon reviewing the parties' respective filings, the Court entered a sealed order on January 25, 2018.  Based on the unchallenged findings of Dr. Campbell's

report, the Court found Mr. Brown incompetent to stand trial and committed him to the custody of the Attorney General for further evaluation pursuant to 18 U.S.C. § 4241(d).

On May 31, 2018, defense counsel was notified by BOP staff that the BOP planned to hold an administrative hearing the next day to determine whether the government could forcibly and involuntarily administer psychiatric medications to Mr. Brown pursuant to 28 C.F.R. § 549.46. Later the same day, the defense filed an Emergency Motion to Enjoin Forcible Medication. ECF No. 26. The government filed a response the next day. ECF No. 28. And the Court held a hearing on the emergency motion. *See* ECF No. 29 (minutes from hearing).

The Court provided its substantive ruling from the bench but later issued a written order along the same lines. ECF No. 30. The Court denied the emergency motion to enjoin forcible medication, but stayed actual administration of forced medication "until the Court conducts a hearing to determine whether such procedure is appropriate." ECF No. 30.

On June 4, 2018, the United States Attorney's Office provided defense counsel with a document headed "Hearing Report: Involuntary Medication for Psychiatric Care or Treatment" and associated attachments. These documents (as well as the later-provided records related to the administrative appeal) are submitted as a sealed exhibit to this filing. *See* Ex. 1 (under seal). The administrative record includes a report by two doctors, including Chief Psychiatrist L. Graddy, M.D. It concludes that "Mr. Brown suffers from a major mental illness, namely, Schizophrenia," and notes that Mr. Brown "is gravely disabled due to his symptoms." Ex. 1, at 7. Dr. Graddy proposed treatment with "a combination of antipsychotic and benzodiazepine medication, in order to decrease symptoms of psychosis, disorganization, and catatonia." Ex. 1, at 3. The BOP's administrative findings approved involuntary medication because, as a result of Mr. Brown's mental illness or disorder, he "is dangerous to self or others" and "is gravely disabled (manifested

by extreme deterioration in personal functioning." Ex. 1, at 4.  The justification/analysis section

of the administrative record notes a diagnosis of Schizophrenia, with paranoid, disorganized, and

catatonic features and observes that "[m]ultiple clinicians agree with this diagnosis." Ex. 1, at 4.

The report notes that, after weighing the risks and potential benefits of the proposed medications,

involuntarily medication is approved.  Ex. 1, at 4.

On June 12, 2018, FMC Butner provided defense counsel with the warden's response to

the administrative appeal of the hearing officer's decision to involuntarily medicate Mr. Brown.

Ex. 1, at 36-37.  The warden observed that Mr. Brown has "been diagnosed with Schizophrenia"

and that "the evidence showed that psychiatric medication is appropriate and necessary" as "the

least restrictive means presently available to treat the symptoms of [Mr. Brown's] mental illness."

*Id.*  The warden affirmed the hearing officer's decision to involuntarily medicate Mr. Brown under

the *Harper* standard.  *Id.*

This Court has already stayed actual administration of forced medication "until the Court

conducts a hearing to determine whether such procedure is appropriate."  ECF No. 30.  The Court

previously indicated that Dr. Graddy's attendance at the hearing would be needed.  Accordingly,

the United States has agreed to make Dr. Graddy available to testify at the hearing scheduled for

June 21, 2018, at 11:30AM.

## II.    Legal Standards

In *United States v. Morgan*, 193 F.3d 252, 263 (4th Cir. 1999), the Fourth Circuit held that

a pretrial detainee like Mr. Brown is entitled to judicial review of the BOP's final administrative

decision to forcibly medicate following the procedures set forth in 28 C.F.R. § 549.46.  The BOP's

"determination is subject to judicial review for arbitrariness."  *Morgan*, 193 F.3d at 263.

3

### III.    Argument

The reports prepared by Dr. Graddy and his colleagues appear to be well-written and thoughtful.    But the defense is concerned over the extent to which Dr. Graddy's views were subjected to meaningful adversarial testing by a qualified staff representative in the BOP's administrative hearing.  Dr. Graddy's testimony at the evidentiary hearing on June 21, 2018, where he can be examined by counsel about his findings and recommendations, would cure any procedural deficiencies in the administrative hearing and allow the Court to evaluate for arbitrariness the BOP's ultimate decision to forcibly medicate Mr. Brown.

The BOP appointed Janet Oakley as Mr. Brown's staff representative for his administrative *Harper* hearing.    But Ms. Oakely's qualifications to serve as a staff representative are, at best, uncertain.  The administrative rules require appointment of "a *qualified* staff representative" with sufficient "experience or education."    28 C.F.R. § 549.46(a)(3) (emphasis added).  The Fourth Circuit has clarified that this means "an individual with sufficient knowledge in the field of psychiatry to competently represent" the incompetent pretrial detainee.  *Morgan*, 193 F.3d at 265. Other than Ms. Oakley's status as a nurse, the record is sparse as to her qualifications.

Although Ms. Oakley's qualifications are unclear, her apparent failure to articulate a "psychiatric basis to challenge the findings upon which [the hearing officer] based his administrative determination" is of greater concern.  *Morgan*, 193 F.3d at 266.   The Fourth Circuit's opinion in *Morgan* emphasized the importance of the staff representative to protecting the rights of an incompetent pretrial detainee in the context of an administrative *Harper* hearing. 193 F.3d at 266.  In *Morgan*, the Fourth Circuit expressed concern that the staff representative's arguments against forced medication in that case that did not grapple with the complex medical issues presented.    The court specifically criticized the staff representative for providing "no

psychiatric basis to challenge the findings upon which Dr. Glazzard based his administrative determination." *Id.*   The same problem exists here.

The Supreme Court has recognized that, in an adversarial hearing, a wholesale failure "to subject the [other side's] case to meaningful adversarial testing . . . makes the adversary process itself presumptively unreliable." *United States v. Cronic*, 466 U.S. 648, 659 (1984).   "In every case the court should be concerned with whether . . . the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland v. Washington*, 466 U.S. 668, 696 (1984).   Other courts have recognized the importance of adversarial testing in administrative adjudicatory proceedings.   *See, e.g.*, *High Country Home Health, Inc. v. Thompson*, 359 F.3d 1307, 1313 (10th Cir. 2004) (observing, in context of administrative Medicare proceeding, "the benefit of adversarial testing to expose flaws in superficially sound arguments on either side of the controversy").

The BOP itself instructed Ms. Oakley to discuss, during the hearing, Mr. Brown's "reasons for refusing medication, or other arguments supporting his refusal."   Ex. 1, at 11.   But the administrative record does not reveal what, if any, questions Ms. Oakley put to Dr. Graddy.   The record does not show Ms. Oakley to have questioned Dr. Graddy about the level of confidence he and his colleagues hold in their diagnosis.   It does not reveal questioning about alternative medication regimens that could be ordered or why the proposed treatment plan is preferable to those alternatives.   Although the record states that the hearing officer ultimately considered the risks and benefits of the proposed medication plan, it does not show that Ms. Oakley pressed Dr. Graddy about how to compare risks with anticipated benefits.   Finally, the BOP instructed Ms. Oakley to ask Mr. Brown's attorneys whether they had "any additional information they would like presented to the Administrative Hearing Officer."   Ex. 1, at 11.   But Ms. Oakley did not ask

undersigned counsel whether we had any additional information to be presented at the hearing. And the record does not show that Ms. Oakley presented any evidence or information on Mr. Brown's behalf other than her own brief testimony, which itself seemed to support (rather than confront) the need for forced medication.

The defense acknowledges the thoroughness of the reports by Dr. Graddy and his colleagues contained in the administrative record. But the administrative record does not reveal that Dr. Graddy's diagnosis or treatment plan was subjected to meaningful adversarial testing by a qualified representative in the course of the administrative hearing. Without meaningful adversarial testing, the results of any adversarial hearing are presumptively unreliable and can only be considered arbitrary. *Cf. Cronic*, 466 U.S. at 659. Accordingly, the defense requests an evidentiary hearing during which Dr. Graddy can be questioned about his diagnosis and treatment recommendations.

Respectfully submitted,

ERIC BRIAN BROWN

By:_____/s/_____

Keith Loren Kimball
VSB # 31046

Andrew W. Grindrod
VSB # 83943

Attorneys for Eric Brian Brown
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
keith_kimball@fd.org
andrew_grindrod@fd.org

6

## **CERTIFICATE OF SERVICE**

I certify that on the 12th day of June, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Randy C. Stoker
Kevin M. Comstock
William B. Jackson
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689


By:_____/s/_____

Andrew W. Grindrod
VSB # 83943
Attorney for Eric Brian Brown
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
andrew_grindrod@fd.org