IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:17mj562 |
| | ) | |
| ERIC BRIAN BROWN | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S REPONSE TO MOTION FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION RESPECTING FORCIBLE MEDICATION**

The defendant, Eric Brian Brown, through counsel, now replies to the government's response regarding his request for judicial review of the administrative decision to involuntarily medicate him. ECF No. 39.

Although the government argues that an evidentiary hearing is not necessary, Mr. Brown's request for an evidentiary hearing has already been granted by this Court. On May 30, 2018, this Court heard argument on defendant's request for a preliminary injunction. The government argued that the request was not ripe because the Bureau of Prisons had not made its determination regarding forcible medication and that any determination could be reviewed afterward. The government's attempt to prevent the hearing at this point undercuts its original argument that such review would be available at a later time. While denying the request for a preliminary injunction as unripe, the Court stayed actual administration of forced medication "until the Court conducts a hearing to determine whether such procedure is appropriate." ECF No. 30. Further, the government agreed to make Dr. Graddy available to testify at the hearing. Mr. Brown is entitled to judicial review and the Court has granted a hearing. There is no reason to disturb the Court's order.

1

Second, the government states that the defendant seeks an evidentiary hearing "to undo the decision" of the medical professionals. ECF No. 39. The defendant seeks review of the procedures followed for the *Harper* hearing to ensure that the defendant's administrative and due process rights have been effectively and properly observed. The administrative safeguards afforded under 28 C.F.R. § 549.46 and due process are not simply boxes to check; they serve a functional purpose in protecting a person's rights. Based on the record, it is unclear whether those safeguards were adequately followed in this case and the evidentiary hearing will allow the Court to evaluate for arbitrariness the BOP's decision.

These rights are particularly vulnerable to being violated when a person, like Mr. Brown, has already been found incompetent to stand trial. The government's response states that, prior to the *Harper* hearing, Mr. Brown was "afforded the right to appear at the hearing, although he chose to remain motionless in his cell" (ECF No. 39, at 13) and he was "given the opportunity present witnesses and evidence, but as the record shows, he did not ask to introduce any evidence or call any witnesses" (*Id.* at 13-14). These are unsurprising when Mr. Brown has already been found incompetent, and thus, unable to effectively participate and assist in such a hearing, which make a qualified staff representative all the more necessary.

Under 28 C.F.R. § 549.46(a)(3), if the inmate does not request a staff representative, a qualified staff representative much be appointed. This requirement is not listed separate and apart from the inmate's other rights; it is stated in the same paragraph as the requirement to inform the inmate of his right to appear at the hearing, present evidence, request witnesses, and request witnesses be questioned during the hearing. The staff representative is inherently linked to carrying out these tasks on behalf of the inmate, especially when one may not be able to do so independently. In Mr. Brown's case, there are concerns over whether Ms. Oakley, appointed as

his staff representative, was qualified to carry out these duties and whether that representation was meaningful when the witnesses were not questioned and the opinions were not challenged.

Ms. Oakley certainly has years of experience interacting with inmates with mental health conditions, though the same can certainly be said of nearly any prison guard. While Ms. Oakley has experience as a nurse and attends trainings, it is unclear whether the topics of these trainings covered how to communicate with patients with mental health issues, how to deescalate situations when interacting with inmates with mental health issues, or how to identify clinical criteria for schizophrenia. All would certainly be valuable to a hospital, but only one would provide Ms. Oakley with the foundation to challenge a "psychiatric basis" as put forth by the hearing officer. *See United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999). Her qualifications are particularly subject to scrutiny when such a challenge was never attempted in this case.[1] Rather, she asked no questions of Dr. Graddy and appears that she may have been a witness against Mr. Brown, calling

---

[1] The government suggests that the staff representative's failure to ask any questions whatsoever is excused because *Harper* hearings are not adversarial proceedings. But that is wrong. In fact, the Supreme Court in *Washington v. Harper* explicitly commented on the adversarial nature of the administrative proceedings when finding they complied with due process. 494 U.S. 210, 235 (1990) (allowing administrative decisionmaking under policy that "provides for notice, the right to be present ***at an adversary hearing***, and the right to present and cross-examine witnesses.") (emphasis added). And other courts have recognized *Harper* hearings conducted by the BOP under this provision of the CFR are adversarial. *See, e.g.*, *United States v. Loughner*, 672 F.3d 731, 763 (9th Cir. 2012) ("Within our traditions, and in the absence of clearer direction in the regulations, we consider the *Harper* hearing to be adversarial."). In light of the adversarial nature of the proceedings, a staff representative's complete failure to advocate or inquire on behalf of the detainee raises serious questions of procedural due process. *Id.* at 764 ("Here, [the staff representative's] failure to present any affirmative evidence or question any of the evidence in support of involuntary medication may indicate that his representation was unqualified or procedurally defective."); *Morgan*, 193 F.3d at 265-66 (finding staff representative's lack of "meaningful participation" during administrative hearing supported inference that staff representative lacked "sufficient education and experience" as required by regulations); *United States v. Humphreys*, 148 F.Supp.2d 949, 953 (D.S.D. 2001) (finding staff representative did not meet the requirements of due process because she presented no evidence; testified against the defendant, stating that she believed he had a mental illness; and may have filed a disciplinary report against the defendant when he first arrived at FMC-Rochester).

into question whether Mr. Brown's rights were adequately protected and pursued during the hearing.

Respectfully submitted,

ERIC BRIAN BROWN

By:_____/s/_____

Keith Loren Kimball
VSB # 31046
Attorney for Eric Brian Brown
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
keith_kimball@fd.org

Andrew W. Grindrod
VSB # 83943
Attorney for Eric Brian Brown
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
andrew_grindrod@fd.org

Lindsay J. McCaslin
VSB # 78800
Attorney for Eric Brian Brown
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
Lindsay_mccaslin@fd.org

## **CERTIFICATE OF SERVICE**

   I certify that on the 21st day of June, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

  Randy C. Stoker
  Kevin M. Comstock
  William B. Jackson
  Assistant United States Attorneys
  Attorney for the United States
  United States Attorney's Office
  101 West Main Street, Suite 8000
  Norfolk, VA 23510
  Office Number: 757-441-6331
  Facsimile Number: 757-441-6689
  Email:  randy.stoker@usdoj.gov
     Kevin.comstock@usdoj.gov
     William.jackson3@usdoj.gov


              By:_____/s/_____

              Lindsay J. McCaslin
              VSB #78800
              Attorney for Eric Brian Brown
              Office of the Federal Public Defender
              150 Boush Street, Suite 403
              Norfolk, Virginia 23510
              (757) 457-0800
              (757) 457-0880 (telefax)
              lindsay_mccaslin@fd.org