

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

     **v.**

                                      **Criminal No. 2:17mj-562**

**ERIC BRIAN BROWN,**

         **Defendant.**

### *ORDER*

Before the Court is Defendant's Motion For Judicial Review of Administrative Decision

On Involuntary Medication. ECF No. 34. The parties have provided briefs in support of their

respective positions and this matter is now ripe for judicial determination. For the reasons stated

on the record and outlined below, Defendant's Motion is **DENIED.**

For background, Defendant was found incompetent to stand trial and was committed to

the Federal Medical Center at Butner ("FMC Butner") for further evaluation and psychiatric

treatment. ECF No. 24. On May 31, 2018, officials from the FMC Butner notified defense

counsel that an internal administrative proceeding would be held on June 1, 2018, to determine

whether medical personnel would forcibly medicate Defendant. ECF No. 26.  Defendant then

filed a preliminary injunction to enjoin medical personnel at the FMC Butner from forcibly

medicating Defendant until a judicial hearing determined its appropriateness. *Id.*

On June 1, 2018, the Court held a hearing on the preliminary injunction and denied

Defendant's motion. ECF No. 30.  In that order, the Court also stayed any forcible medication

procedure until the Court conducted a hearing to determine its appropriateness. *Id.*

1

On June 1, 2018, the FMC Butner staff conducted the administrative hearing and determined that involuntary medication was necessary because Defendant was a danger to himself or others, and was gravely disabled. *See* ECF No. 37 at 4. Defendant subsequently filed an administrative appeal and the Warden at the FMC affirmed the decision to involuntarily medicate Defendant. *Id.* at 35-37. Defendant filed this instant motion for review of the administrative decision and the Government filed a response in opposition on June 12, 2018, and June 19, 2018, respectively. ECF No. 34, 39. On June 21, 2018, Defendant filed a reply, and the Court also held a hearing on this matter.

The Bureau of Prisons ("BOP") may forcibly medicate an inmate after holding an administrative hearing —otherwise known as a *Harper* hearing. *See generally, Washington v. Harper*, 494 U.S. 210 (1990). The procedures for this hearing are outlined in 28 C.F.R. § 549.46. and require the following:

1. Unless an exception exists as provided in paragraph (b) of this section, the inmate will not be involuntarily administered psychiatric medication before the hearing.
2. The inmate must be provided 24–hours advance written notice of the date, time, place, and purpose, of the hearing, including an explanation of the reasons for the psychiatric medication proposal.
3. The inmate must be informed of the right to appear at the hearing, to present evidence, to have a staff representative, to request witnesses, and to request that witnesses be questioned by the staff representative or by the person conducting the hearing. If the inmate does not request a staff representative, or requests a staff representative with insufficient experience or education, or one who is not reasonably available, the institution mental health division administrator must appoint a qualified staff representative.
4. The hearing is to be conducted by a psychiatrist other than the attending psychiatrist, and who is not currently involved in the diagnosis or treatment of the inmate.
5. Witnesses should be called if they are reasonably available and have information relevant to the inmate's mental condition or need for psychiatric medication. Witnesses who will provide only repetitive information need not be called.
6. A treating/evaluating psychiatrist/clinician, who has reviewed the case, must be present at the hearing and must present clinical data and background information relative to the inmate's need for psychiatric medication. Members of the

2

treating/evaluating team may also be called as witnesses at the hearing to provide relevant information.

7. The psychiatrist conducting the hearing must determine whether involuntary administration of psychiatric medication is necessary because, as a result of the mental illness or disorder, the inmate is dangerous to self or others, poses a serious threat of damage to property affecting the security or orderly running of the institution, or is gravely disabled (manifested by extreme deterioration in personal functioning).

8. The psychiatrist must prepare a written report regarding the initial decision. The inmate must be promptly provided a copy of the initial decision report, and informed that he/she may appeal it to the institution's mental health division administrator. The inmate's appeal, which may be handwritten, must be submitted within 24 hours after receipt of the hearing officer's report. Upon request of the inmate, the staff representative will assist the inmate in preparing and submitting the appeal.

9. If the inmate appeals the initial decision, psychiatric medication must not be administered before the administrator issues a decision on the appeal, unless an exception exists as provided in paragraph (b) of this section. The inmate's appeal will ordinarily be reviewed by the administrator or his designee within 24 hours of its submission. The administrator will review the initial decision and ensure that the inmate received all necessary procedural protections, and that the justification for administering psychiatric medication is appropriate.

10. If an inmate was afforded an administrative hearing which resulted in the involuntary administration of psychiatric medication, and the inmate subsequently consented to the administration of such medication, and then later revokes his consent, a follow-up hearing will be held before resuming the involuntary administration of psychiatric medication. All such follow-up hearings will fully comply with the procedures outlined in paragraphs (a)(1) through (10) of this section.

28 C.F.R. § 549.46.

Moreover, judicial review of a BOP's administrative decision to forcibly medicate is reviewed for arbitrariness. *United States v. Morgan*, 193 F.3d 252, 263 (4th Cir. 1999); *see also Harper*, 494 U.S. at 236 (finding that the procedural safeguards outlined in 28 C.F.R. § 549.46 satisfy due process).

Defendant admits in his motion that the report Dr. Graddy and his colleagues prepared was thorough and well written. *See* ECF No. 34 at 4, 6. However, Defendant challenges the BOP's compliance with 28 C.F.R. § 549.46's requirement that the Defendant be appointed a "qualified staff representative." *Id*; *see also*, 28 C.F.R. § 549.46 (3). In Defendant's view, the

3

appointed staff representative, Nurse Janet Oakley's ("Ms. Oakley"), qualification to serve as a "qualified staff representative" during the administrative hearing was doubtful. ECF No. 34 at 4. Defendant also contends that Ms. Oakley's failure to challenge the medical findings or raise issues to support not forcibly medicating Defendant further raises doubts as to the BOP's compliance with the procedural safeguards outlined in 28 C.F.R. § 549.46. *Id.* at 4-6.[1] The Court finds otherwise.

First, the Court finds that Ms. Oakley's background, experience, and credentials, meet the requirements to be a "qualified staff representative." Ms. Oakley has been a registered nurse for twenty years and is board certified. *See* Oakley Decl., ECF No. 39-1 at 1-3. In addition, Ms. Oakley has worked at FMC Butner for over seventeen years and has worked in the mental health units that serve patients suffering from a variety of mental health disorders including schizophrenia. *Id.* at 3. Accordingly, the Court finds Ms. Oakley was a "qualified staff representative."

In so holding, the Court also rejects Defendant's argument that his due process rights were violated because Ms. Oakley did not subject Dr. Graddy's findings to meaningful adversarial testing. ECF No. 34 at 5-6. The Court cannot find any language within the procedures outlined above in 28 C.F.R. § 549.46 or case law supporting such a requirement. Moreover, the fact that Ms. Oakley did not present any evidence or raise an objection does not support a conclusion that she failed to carry out her duties as a staff representative. Indeed, the fact that Ms. Oakley discussed that Defendant was consuming meals regularly demonstrates that she

---

[1] Defendant's motion also requested that the Court permit evidence to be heard at the hearing, including the testimony of Dr. Graddy to determine the appropriateness of forcible medication. ECF No. 34. The Court however declined to permit such evidence given the limited scope of judicial review for administrative decisions to forcibly medicate. *See Morgan*, 193 F.3d at 258-65 (discussing that detainee was not entitled to evidentiary hearing before the district court but only a limited review to determine if administrative decision was arbitrary).

4

offered some evidence in support of not forcibly medicating Defendant. *See* Oakley Decl., ECF No. 39-1 at 5.

In sum, the Court, having thoroughly reviewed the administrative report, finds that the FMC Butner complied with the procedural safeguards outlined above in 28 C.F.R. § 549.46 and thus its finding that Defendant should be forcibly medicated was not arbitrary. As such, the Court will not disturb the BOP's decision to forcibly medicate Defendant.

Accordingly, Defendant's Motion For Judicial Review of Administrative Decision On Involuntary Medication is **DENIED**.

It is further **ORDERED** that this Court's Stay Of Any Forcible Medication Procedure As Outlined in the June 4, 2018, Order Is **LIFTED**.

It is further **ORDERED** that the BOP May Forcibly Medicate Defendant in accordance with its decision outlined in its report filed with the Court.

The Clerk is **DIRECTED** to provide a copy of this Order to the United States Attorney, the United States Marshal, the United States Pretrial Services Office, counsel of record for the Defendant, and the Federal Medical Center located in Butner, North Carolina.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 2?, 2018

_____
/s/
Raymond A. Jackson
United States District Judge